# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARSHAD THOMAS,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>TRANSUNION LLC, et al.,<br><br>　　　　Defendant(s). | Case No. 2:25-cv-01016-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 1, 6] |

Pending before the Court are two applications to proceed *in forma pauperis*, Docket Nos. 1, 6, as well as two orders to show cause, Docket Nos. 5, 8. Plaintiff filed responses to the orders to show cause. Docket Nos. 7, 9.

The Court begins with the orders to show cause. It is undisputed that Plaintiff's allegation of poverty in the initial application to proceed *in forma pauperis* was false. *See, e.g.*, Docket No. 9 at 1 (acknowledging that application was "incomplete and inaccurate"). Given the extraordinary nature of the discrepancies and the lack of a plausible explanation for them, the obvious inference is that Plaintiff intentionally concealed his income and assets as a means to avoid payment of the filing fee. The Court would be well within its discretion to dismiss this case. *See* 28 U.S.C. § 1915(e)(2). Plaintiff now takes responsibility for this misconduct, however, and insists that he is committed moving forward to truthfulness and full compliance with his litigation obligations. Docket No. 9. The Court will in this instance err on the side of leniency, foregoing a dismissal sanction. Plaintiff is **ADMONISHED** that he must be completely truthful and compliant with all of his litigation obligations moving forward.

With respect to Plaintiff's most recent application to proceed *in forma pauperis*, Docket No. 6, discrepancies remain that must be addressed. For example, the application (signed under penalty of perjury) does not identify the food assistance that Plaintiff notes elsewhere on the docket

1

(not signed under penalty of perjury).  *Compare* Docket No. 7 at 1 *with* Docket No. 6 at 1. Moreover, the application identifies only Plaintiff's income for the last three months, Docket No. 6 at 1, even though the application requires self-employment information for the past 12 months, *see id.*; *see also* Docket No. 7 at 1 (Plaintiff elsewhere acknowledges earning rideshare income for more than two years).[1]  In short, Plaintiff's application remains incomplete.

Accordingly, the Court **ADMONISHES** Plaintiff as stated above and otherwise **DISCHARGES** the orders to show cause (Docket Nos. 5, 8).  The Court **DENIES** Plaintiff's first application to proceed *in forma pauperis* (Docket No. 1) as moot.  The Court **DENIES** Plaintiff's second application to proceed *in forma pauperis* (Docket No. 6) without prejudice.  If Plaintiff continues to seek to avoid payment of the filing fee, he must file a renewed application to proceed *in forma pauperis* by August 5, 2025.  Any such application must be carefully reviewed and must be filled out completely, including providing income numbers for the last 12 months.  There will be no further opportunities provided for Plaintiff to file a correct and complete application.  Instead of filing a renewed application, Plaintiff may instead pay the full filing fee by August 5, 2025.

IT IS SO ORDERED.

Dated: July 14, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Courts routinely deny *in forma pauperis* applications with income lower than Plaintiff identifies for the preceding three months.  *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying in forma pauperis status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019).  Because the information provided is incomplete, however, the Court leaves that issue for another day.